**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

ZAK SHAIK,

    **Plaintiff,**

            **v.**

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON, *et al.,*

    **Defendants.**

**Civil No.** 24-271 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.[1]

Plaintiff Zak Shaik ("plaintiff") sued Baldwin Insurance Group Holdings, LLC ("Baldwin"), Millennial Specialty Insurance, LLC ("Millennial"), and Certain Underwriters at Lloyd's of London ("Lloyd's" and, collectively with Baldwin and Millennial, the "defendants") alleging wrongful denial of insurance benefits. (Docket No. 2.) Before the Court is a Report and Recommendation ("R&R") issued by U.S. Magistrate Judge Gerald L. Jackson (Docket No. 59) regarding defendants' renewed motions to dismiss. (Docket Nos. 52, 53, 54.) This case is before the Court by designation pursuant to 28 U.S.C. § 292(d). See Docket No. 146. For the reasons set forth below, the Court **ADOPTS** the R&R and **GRANTS** defendants' motions to dismiss.

---

[1] Senior United States District Judge for the District of Puerto Rico, sitting by designation.

Civil No. 24-271 (FAB)                                                    2

## I.    Background

Plaintiff alleges that he owned seven rental properties in Sulphur, Oklahoma.  (Docket No. 2 at p. 3.)  He contracted with Lloyd's for property insurance.  Lloyd's was the underwriter who issued the policies and Millennium was the insurance agent; Baldwin is the parent company of Millennium and was not otherwise involved in the insurance contracts.  See Docket No. 19 at p. 4-5 (identifying Millennium as the insurance agent); Docket No. 21 at pp. 5-6 (identifying Baldwin as the parent company of Millennial); Docket No. 54 at p. 4 (identifying Lloyd's as the underwriter which issued the policies).  Although neither plaintiff nor defendants provided the Court with the full insurance contracts, defendants filed Certificates of Insurance which provide basic details about the policies.  See Docket No. 54-1 at pp. 1-2; Docket No. 54-2 at pp. 1-2; Docket No. 54-3 at pp. 1-2; Docket No. 54-4 at pp. 1-2; Docket No. 54-5 at pp. 1-2; Docket No. 54-6 at pp. 1-2; GFF Corp. v. Associated Wholesale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.")  The certificates list

Civil No. 24-271 (FAB)                                                    3

Baari Ardmore Housing LLC as the named insured and Zia Shaikh[2] as an additional insured.  Id.  The certificates also state that the coverage period of the policies was from March 10, 2023 to March 10, 2024.  Id.

On April 26, 2024, a tornado struck Sulphur, Oklahoma and caused severe damage to plaintiff's properties.  (Docket No. 2 at p. 4.)  Plaintiff notified the defendants and demanded compensation in accordance with his insurance policies.  Id.  Defendants refused payment claiming that plaintiff failed to pay his premiums and that the policies had been cancelled.[3]  Id. at pp. 4-5.  Plaintiff sued the defendants for $7.6 million dollars for wrongful denial of coverage, alleging breach of contract and breach of the duty of good faith under Oklahoma law.  Id. at pp. 6-8.  The case was brought in federal court pursuant to the federal court's diversity jurisdiction, 28 U.S.C. § 1332(a).[4]

On February 19, 2026, after each defendant moved to dismiss, the   magistrate   judge   issued   an   R&R   recommending   that   the

---

[2] Plaintiff claims Zia Shaikh is himself.

[3] Lloyd's attached the notices of cancellation for failure to pay premiums to its motion to dismiss, but the magistrate judge declined to consider them because they were outside the scope of documents identified by plaintiff in the complaint.  See Docket No. 59 at n. 3.

[4] Plaintiff failed to allege defendant Lloyd's principal place of business, but Lloyd's conceded in its answer to the complaint that there was diversity of citizenship between it and plaintiff.  See Docket No. 55 at p. 2.  There is no indication that this conclusion is erroneous, and the Court will proceed to exercise jurisdiction.

Civil No. 24-271 (FAB)                                                            4

defendants' motions be granted.  (Docket No. 59.)  The magistrate judge found that, on the face of the complaint, plaintiff's losses from the tornado occurred outside of the coverage period of the policy.  Id. at p. 11.  The magistrate judge also found that the complaint failed to attribute specific conduct to each of the defendants, thereby providing insufficient notice about the charges against them, an independent ground for dismissal.  Id. at pp. 10-11, 13.  Last, the magistrate judge found that granting leave to amend the complaint, as requested by plaintiff in the event of any pleading deficiencies, would be futile because the loss occurred outside of the coverage period and any amended complaint would also be subject to dismissal.  Id. at pp. 14-15.

Plaintiff objects to the magistrate judge's recommendations. (Docket No. 60.)  He argues that (1) the magistrate judge wrongly treated the coverage period as dispositive and wrongly determined that the policies did not cover the loss, (2) the magistrate judge's futility of amendment determination is legally premature, and (3) any specificity deficiency in his complaint is curable, and he ought to be given opportunity to do so.  Defendant Lloyd's responded to plaintiff's objections.  (Docket No. 63.)

## II. Legal Standard

A district court may refer a pending motion to a magistrate judge for a report and recommendation.  See 28 U.S.C.

Civil No. 24-271 (FAB)                                          5

§ 636(b)(1)(B); Fed. R. Civ. P. 72(a).  Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report.  28 U.S.C. § 636(b)(1).  "A party that files a timely objection is entitled to a de novo determination of those portions of the report or specified proposed findings or recommendations to which a specific objection is made."  Lowery Wilkinson Lowery, LLC v. Illinois, No. 25-CV-22-RAW, 2025 U.S. Dist. LEXIS 268063, at *3 (E.D. Okla. Dec. 31, 2025) (citing United States v. Raddatz, 446 U.S. 667, 673 (1980)).  "The objections must specifically identify those findings or recommendations to which objections are being made" and "[t]he district court need not consider frivolous, conclusive, or general objections."  Id. (citing Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)).  In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(a)(b)(1).

Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain enough factual matter "to state a claim to

Civil No. 24-271 (FAB)                                                 6

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A court must decide whether the complaint alleges facts which "raise a right to relief above the speculative level." Id. at 555. "At the motion-to-dismiss stage, [the Court] must accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." Cressman v. Thompson, 719 F.3d 1139, 1141 (10th Cir. 2013) (internal quotation marks and alterations omitted).

A *pro se* litigant's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Tatten v. City & Cty. of Denver, 730 F. App'x. 620, 624 (10th Cir. 2018) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). On the other hand, "a pro se litigant's 'conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.'" West v. United States, No. 25-3082, 2025 U.S. App. LEXIS 24165, at *5 (10th Cir. Sept. 18, 2025) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). It is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall, 935 F.2d at 1110.

Civil No. 24-271 (FAB)                                                              7

### III. Discussion

Plaintiff's three objections to the R&R are that the magistrate judge improperly determined that (1) there was no insurance coverage under the policies, (2) amending the complaint would be futile, and (3) the complaint's lack of specificity was not curable.  None of these objections allows plaintiff to avoid dismissal.

With respect to the first objection, plaintiff argues that his complaint alleges coverage pursuant to the policies, and that concluding otherwise was improper at the motion-to-dismiss stage. The Court disagrees.  "The 'basic rule of insurance law' in Oklahoma is 'that the insured has the burden of showing that a covered loss has occurred, while the insurer has the burden of showing that a loss falls within an exclusionary clause of the policy.'"  Ass'n Cas. Ins. Co. v. Veerlakshmi, LLC, No. CIV-23-00895-JD, 2026 U.S. Dist. LEXIS 51132, at *10 (W.D. Okla. Mar. 12, 2026) (quoting Pitman v. Blue Cross & Blue Shield, 217 F.3d 1291, 1298 (10th Cir. 2000)).  It is plaintiff's burden to present evidence of a covered loss, and he has not met that burden. Plaintiff failed to provide a copy of the insurance policies under which he claims coverage, but the Certificates of Insurance provided by the defendants indicate that the coverage period ended on March 10, 2024, over a month before the tornado occurred.  His

Civil No. 24-271 (FAB)                                                          8

averment that the policy was in force at the time of the loss is conclusory, lacking any factual support, and need not be credited. The same is true of his assertion of possible arguments of renewal, reinstatement, waiver, estoppel, and failure to comply with statutory notice requirements – these are alleged without any factual support that might render them plausible.  Accordingly, the magistrate judge did not err in finding that plaintiff's loss fell outside of the policies' coverage.

Plaintiff's second and third objections involve the magistrate judge's finding that any attempt to amend the complaint would be futile.  Plaintiff had requested leave to amend if the Court would find a technical pleading deficiency.  Although "[c]ourts should give leave to amend freely, especially when the plaintiff is proceeding pro se[,]" leave to amend may be refused "upon a showing of futility of amendment." Panicker v. State Dep't of Agric., 498 F. App'x. 755, 757 (10th Cir. 2012) (citing Fed. R. Civ. P. 15(a); Frank v. U.S. W., Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)) (internal alterations omitted).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Id. (quoting Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Serv., Inc., 175 F.3d 848, 859 (10th Cir. 1999)).

Plaintiff fails to demonstrate that he could amend his complaint to render his claims plausible.  He argues that, if

Civil No. 24-271 (FAB)                                                          9

allowed to proceed to discovery, he could attempt to argue that the policy was renewed or reinstated, or perhaps bring a waiver or estoppel argument.  But these are mere conclusory allegations without any supporting factual averments that might suggest such arguments could plausibly exist.  And, even if the Court believed that plaintiff could cure the specificity issues in his complaint, the main issue remains - he is attempting to collect on an expired insurance policy.  Accordingly, the magistrate judge did not err in finding that leave to amend the complaint would be futile.

## IV.  Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Docket No. 59) and **GRANTS** defendants' motions to dismiss.  (Docket Nos. 52, 53, 54.)  Plaintiff's claims are dismissed **WITH PREJUDICE.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 22, 2026.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE