**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

ZAK SHAIK,

    **Plaintiff,**

            **v.**                  **Civil No.** 24-271 (FAB)

CERTAIN UNDERWRITERS AT LOYD'S
OF LONDON, *et al.*,

    **Defendants.**

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.[1]

    Before the Court is plaintiff Zak Shaik ("plaintiff")'s motion to alter or amend judgment. (Docket No. 76.) For the reasons set forth below, plaintiff's motion is **DENIED**.

**I.   Background**

    On March 10, 2023, plaintiff purchased property insurance for several properties he owned in Sulphur, Oklahoma. (Docket No. 2 at p. 3.) Defendant "Certain Underwriters at Lloyd's of London" ("Lloyd's) served as the underwriter. (Docket No. 54 at p. 4.) Defendant Millennial Specialty Insurance, LLC ("Millennial") served as the insurance agent. (Docket No. 19 at pp. 4-5.) Defendant Baldwin Insurance Group Holdings, LLC ("Baldwin," and

---

[1] Of the District of Puerto Rico, sitting by designation.

Civil No. 24-271 (FAB)                                                    2

collectively with Lloyd's and Millennial, the "defendants") is the
parent company of Millennium. (Docket No. 21 at pp. 5-6.)

On April 26, 2024, a tornado struck Sulphur and allegedly
caused extensive damage to plaintiff's properties. Id. at p. 4.
He requested compensation from the defendants pursuant to his
insurance policies but defendants refused, claiming that the
policies had been cancelled and that his coverage had expired due
to his failure to pay his premiums. Id. at pp. 4-5. Plaintiff
sued defendants for breach of contract and breach of the duty of
good faith, alleging wrongful denial of coverage. Id. at pp. 6-
8. Defendants moved to dismiss plaintiff's complaint, citing the
fact that he had failed to show a covered loss. (Docket Nos. 52,
53, 54.) While the motions to dismiss were pending, plaintiff
requested leave to amend his complaint. (Docket No. 70.) The
Court, however, granted defendants' motions and dismissed
plaintiff's claims with prejudice. (Docket No. 71.) The Court
found that plaintiff's loss unequivocally occurred outside of the
policy coverage period, and that he presented no basis for the
Court to conclude that his coverage continued after that period.
Id. at pp. 7-8. Without specifically addressing plaintiff's
proposed amended complaint, the Court found that any attempt to
amend it would be futile. Id. at pp. 8-9. The Court then
separately denied plaintiff's outstanding request to amend the

Civil No. 24-271 (FAB)                                                          3

complaint, referring to its previously-issued Opinion and Order. See Docket No. 72. On May 22, 2026, judgment was entered dismissing plaintiff's claims with prejudice. (Docket No. 73.)

On May 28, 2026, plaintiff requested to alter or amend the judgment. (Docket No. 76.) He argues that the Court's decision to dismiss his claims with prejudice was procedurally improper because, at the time of judgment, he had an outstanding motion to amend his complaint which the Court had not ruled upon. He claims that this error justifies relief pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). Defendants disagree, asserting that plaintiff's argument does not fit within the scope of permissible bases for relief pursuant to Rule 59(e). (Docket No. 80.) Defendants also argue that the Court's finding that any motion to amend would be futile substantively forecloses his argument and shows that granting his motion for relief would be a waste of judicial resources.

## II. Legal Standard

Pursuant to Rule 59(e), a party may move to alter or amend a judgment by filing a motion no later than 28 days after the entry of the judgment. "Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Monge v. RG Petro-Mach. Group Co.

Civil No. 24-271 (FAB)                                                    4

Ltd., 701 F.3d 598, 611 (10th Cir. 2012) (quoting Somerlott v.

Cherokee Nation Distributors, Inc., 686 F.3d 1144, 1153 (10th Cir.

2012)) (quotation marks omitted).  "[A] Rule 59(e) motion is not

appropriate to revisit issues already addressed or advance

arguments that could have been raised in prior briefing."  Id.

(internal quotation marks omitted).

     A *pro se* litigant's pleadings should be held "to less

stringent standards than formal pleadings drafted by lawyers."

Tatten v. City & Cty. of Denver, 730 F. App'x 620, 624 (10th Cir.

2018) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  On

the other hand, "a pro se litigant's 'conclusory allegations

without supporting factual averments are insufficient to state a

claim on which relief can be based.'"  West v. United States,

No. 25-3082, 2025 U.S. App. LEXIS 24165, at *5 (10th Cir. Sept. 18,

2025) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.

1991)).  It is not "the proper function of the district court to

assume the role of advocate for the pro se litigant."  Hall, 935

F.2d at 1110.

**III. Discussion**

     Plaintiff argues that the Court's dismissal of his complaint

while his motion to amend his complaint was pending was an error

deserving relief from the judgment pursuant to Rule 59(e).  The

Court's Opinion and Order, however, addressed the possibility of

Civil No. 24-271 (FAB)                                                  5

amending the complaint, finding that doing so would be futile because any amended complaint would also be subject to dismissal. The question of whether the requested amendment would be futile was also discussed in the report and recommendation on the motions to dismiss issued by magistrate judge Gerald L. Jackson; plaintiff subsequently objected to the magistrate judge's finding of futility. Accordingly, raising the possibility of amendment revisits an issue already addressed and is therefore an inappropriate ground for Rule 59(e) relief.

The Court acknowledges, however, that the Opinion and Order did not squarely address the merits of plaintiff's proposed amended complaint. If the proposed amended complaint would not be subject to dismissal, the Court's futility conclusion would be a clear error whose correction would justify relief under Rule 59(e). Accordingly, for good measure, the Court will consider whether the proposed amended complaint states a claim.

Plaintiff's proposed amended complaint was filed on May 18, 2026 and, as he points out in his request to amend, was written with an eye toward resolving the issues identified in the magistrate judge's report and recommendation. See Docket No. 70 at p. 2. The Court can discern two distinct theories of insurance coverage from the proposed amended complaint. First, plaintiff alleges that the policies provide coverage based on a "continuous

Civil No. 24-271 (FAB)                                              6

reporting, scheduling, and premium-based system," and not on the coverage period.  Second, he alleges that coverage continued after the expiration date because the policies were not properly cancelled, an argument that was raised in his original complaint.

Plaintiff's first argument fails to allege a covered loss with sufficient plausibility to avoid dismissal.  He argues that the policy operates to provide coverage outside of the coverage period based on what he calls the "continuous reporting, scheduling, and premium-based system."  This theory is not explained clearly or in detail - all that the Court can say decisively about it is that it somehow operates to provide coverage after the policy's expiration date.  Nor does plaintiff back up his theory with any citation to the policy language itself.[2]  The Court considers this theory a conclusory allegation of coverage couched as a factual assertion that need not be credited as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Plaintiff's second argument is that coverage continued after expiration because the policies were improperly terminated.  The policies were allegedly terminated in 2023, before the expiry date,

---

[2] The Court never received a copy of the full policy text from any of the parties at any stage of the case.

Civil No. 24-271 (FAB)                                                      7

because plaintiff failed to pay his insurance premiums.[3]  Plaintiff alleges that the defendants failed to comply with Oklahoma law when cancelling the policy.  He does not, however, provide a clear account of exactly how defendants purportedly failed to comply with Oklahoma law.  He seems to allege that he never received the notice of cancellation, which is a prerequisite to cancelling an insurance policy under Oklahoma law.  See Owens v. Equity Ins. Co., No. 23-212-JWB, 2025 U.S. Dist. LEXIS 266105, at *6-7 (N.D. Okla. Jul. 31, 2025) ("Under Oklahoma law, to cancel a policy for nonpayment, the 'insurer must wait until the insured fails to make a scheduled payment' and then give notice in accordance with the policy.") (quoting Bufogle v. Equity Ins. Co., No. 11-CV-0657, 2012 U.S. Dist. LEXIS 118481, at *4 (N.D. Okla. Aug. 22, 2012)). Plaintiff, however, contradicts himself on this point on numerous occasions in his briefs.  See, e.g., Docket No. 2 at p. 4 (explaining how plaintiff's coverage demand letter to defendants

---

[3] Defendants attached the notices of cancellation to their motion to dismiss. See Docket No. 54-1 at p. 5; 54-2 at p. 5; 54-3 at p. 5; 54-4 at p. 5; 54-5 at p. 5; 54-6 at p. 5.  The magistrate judge declined to consider the notices after concluding they were outside the scope of the complaint.  See Docket No. 59 at p. 9 n. 3.  The Court disagrees - plaintiff's argument for continuing coverage, present on the face of both the original and proposed amended complaint, is that these notices either never existed, were not sent to him, or were legally insufficient under Oklahoma law.  Consequently, the notices are "central to plaintiff's claim, [and] a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Associated Wholesale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997).  Although plaintiff challenges whether the notices were legally sufficient, he does not challenge their authenticity.

Civil No. 24-271 (FAB)                                                            8

raised issues with the notices of cancellation, suggesting he did in fact receive the notices); Docket No. 32 at p. 3 (asserting an equitable estoppel claim based on defendants "[s]ending inconsistent cancellation notices.")   Even his affirmative statements that he never received the notice are themselves generally couched in ambiguous qualifying language.   For example, in his proposed amended complaint, he does not simply state that he never received the cancellation notice, but instead states that "[n]o *valid* cancellation or non-renewal notice was issued[,]" without explaining what he means by "valid."   (Docket No. 70-2 at p. 3) (emphasis added).   Inconsistent allegations can be fairly interpreted as implausible and need not be credited.   See Pinto-Rios v. Brown, No. 20-cv-3698-RMR-JPO, 2024 U.S. Dist. LEXIS 52847, at *17 (D. Colo. Mar. 25, 2024) ("The Court is not required to give credence to [] inconsistent allegations, and it does not do so here.")

Accordingly, as was the case with his original complaint, plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted.   This being the case, plaintiff does not have a persuasive reason for vacating the judgment under Rule 59(e).

Civil No. 24-271 (FAB)                                                    9

## IV.   Conclusion

For the reasons set forth above, plaintiff's motion to alter or amend the judgment is **DENIED**.   (Docket No. 76.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 18, 2026.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE