**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ZAK SHAIK, | |
| **Plaintiff,** | |
| **v.** | **Civil No.** 24-271(FAB) |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, *et. al.,* | |
| **Defendants.** | |

**OPINION AND ORDER**

BESOSA, Senior District Judge.[1]

This case involves plaintiff Zak Shaik's efforts to obtain benefits under insurance policies issued by the defendants after a tornado destroyed seven rental properties plaintiff owns in Sulphur, Oklahoma. On May 22, 2026, this Court dismissed plaintiff's case with prejudice for failure to state a claim. (Docket No. 71.) Subsequently, this Court also denied plaintiff's motion to alter or amend the judgment. (Docket No. 82.) Now before the Court is plaintiff's motion for relief from judgment pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 60. (Docket No. 83.) For the reasons set forth below, plaintiff's motion is **DENIED.**

---

[1] Of the District of Puerto Rico, sitting by designation.

Civil No. 24-271 (FAB)                                                          2

## I.   Background

Plaintiff is a resident of Texas and the owner of seven rental properties located in Sulphur, Oklahoma.  (Docket No. 2 at p. 3.) On March 10, 2023, defendant "Certain Underwriters at Lloyd's of London" ("Lloyd's") issued property insurance policies to plaintiff covering the seven properties.  (Docket No. 2 at p. 3.) Defendant Millennial Specialty Insurance ("Millennial") served as the insurance agent.  (Docket No. 19 at pp. 4-5.)  Defendant Baldwin Insurance Group Holdings, LLC ("Baldwin" and collectively with Lloyd's and Millennial, the "defendants") is the parent company of Millennial but was not otherwise involved in the issuance of the insurance contracts.  See Docket No. 21 at p. 4.

Although neither plaintiff nor defendants provided the Court with the full insurance contracts, defendants filed Certificates of Insurance which provide basic details about the policies.  See Docket No. 54-1 at pp. 1-2; Docket No. 54-2 at pp. 1-2; Docket No. 54-3 at pp. 1-2; Docket No. 54-4 at pp. 1-2; Docket No. 54-5 at pp. 1-2; Docket No. 54-6 at pp. 1-2; GFF Corp. v. Assoc. Wholesale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a

Civil No. 24-271 (FAB)                                                      3

motion to dismiss.")   The certificates list Baari Ardmore Housing LLC as the named insured and Zia Shaikh[2] as an additional insured. Id.  Crucially, the certificates state that the coverage period of the policies was from March 10, 2023 to March 10, 2024.  Id.

On August 15, 2023, Millennial sent plaintiff a Notice of Cancellation via email informing him that his insurance policies would be cancelled on September 1, 2023 due to non-payment of premiums.  See Docket No. 19-1 at p. 1; Docket No. 19 at p. 3. Subsequently, Millennial sent plaintiff two more notices of cancellation due to non-payment of premiums on November 15, 2023 and December 1, 2023.  See Docket No. 19-1 at pp. 2-3.  Plaintiff claims that he never received these notices.  (Docket No. 2 at p. 5, ¶23.)  Plaintiff does not dispute that, notwithstanding any early cancellation, the policies expired by their own terms on March 10, 2024.

On April 26, 2024 a tornado struck Sulphur, Oklahoma and destroyed plaintiff's properties.  (Docket No. 2 at p. 4, ¶16.) Plaintiff then submitted a claim for benefits under the insurance policies.  Id. at p. 4, ¶17.  Defendants denied plaintiff's claim on the basis that the policies had been cancelled due to non-

---

[2] Plaintiff claims that he is also known as Zia Shaikh.  See Docket No. 2 at p. 1.

Civil No. 24-271 (FAB)                                                    4

payment of premiums.  Id. at p. 4, ¶22; Docket No. 19, pp. 3-4; Docket No. 33, p. 5.

## II.  Procedural History

After being denied coverage, plaintiff filed this diversity suit against defendants on July 31, 2024 for $7.6 million dollars, alleging breach of contract under Oklahoma law for wrongful denial of coverage and breach of the duty of good faith.  (Docket No. 2.) Defendants each filed motions to dismiss the complaint for failure to state a claim.  Docket No. 52; Docket No. 53; Docket No. 54.) Magistrate Judge Gerald L. Jackson issued a Report and Recommendation ("R&R") recommending that defendants' motion to dismiss be granted.  (Docket No. 59.)  The magistrate judge found that, even assuming Millennial's notices to plaintiff did not suffice to cancel the policies, plaintiff's losses occurred after the policies had lapsed by their own terms.  (Docket No. 59, p. 11.)  The magistrate judge also found that any attempt to amend the complaint[3] would be futile, given that the loss occurred outside the policies' coverage period, and therefore denied leave to amend.  Id. at pp. 14-15.  Plaintiff filed an objection to the R&R, (Docket No. 60), and, notwithstanding the magistrate judge's

---

[3] In his consolidated response to defendants' motion to dismiss, plaintiff requested leave to amend "[i]f the Court identifies any technical pleading deficiency . . . ."  (Docket No. 56 at p. 7.)

Civil No. 24-271 (FAB)                                                      5

finding of futility, filed a motion to amend his complaint.
(Docket No. 70.)

This Court adopted the R&R and granted the defendants' motion
to dismiss.  (Docket No. 71.)  Without specifically addressing
plaintiff's proposed amended complaint, this Court found that
plaintiff's arguments were "mere conclusory allegations without
any supporting factual averments that might suggest such arguments
could plausibly exist."  (Docket No. 71 at p. 9.)  The Court then
separately denied plaintiff's outstanding request to amend the
complaint, referring to its previously-issued Opinion and Order.
(Docket No. 72.)  Judgment was entered dismissing plaintiff's
claims with prejudice.  (Docket No. 73.)

The day after judgment was entered, plaintiff filed a motion
to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e),
arguing that it was improper for the Court to dismiss his claims
while a motion to amend the complaint was pending.  (Docket
No. 76.)  This Court denied the motion and indicated that the
futility of amendment had been previously addressed both by the
magistrate judge and in the Court's prior order dismissing
plaintiff's claims. (Docket No. 82.)  Nonetheless, in its opinion,
the Court specifically addressed the merits of plaintiff's
proposed amended complaint.  Id. at pp. 5-8.  It held that
plaintiff's new allegation that the policies operated not based on

Civil No. 24-271 (FAB)                                                          6

fixed coverage dates but on a "continuous reporting, scheduling, and premium-based system" was not explained in sufficient detail for the Court to decipher how it could support plaintiff's claims, nor did plaintiff support the allegation with any citations to the language of the policies themselves. Id. at p. 6. This Court also held that Shaik's proposed amended complaint again failed to explain how, under Oklahoma law, Millennial's notices of cancellation to plaintiff were invalid, and appeared to be contradictory regarding whether plaintiff in fact received the notices. Id. at pp. 7-8.

Fourteen days after entry of the order denying plaintiff's Rule 59(e) motion, plaintiff filed a motion seeking relief from the judgment pursuant to Rule 60(b). (Docket No. 83.) Plaintiff seeks to re-open the judgment to allow him to amend his complaint to allege "extensive factual allegations and legal theories that were not previously before the Court in their present form." Id. at p. 3. Plaintiff attached to his motion a proposed second amended complaint, as well as an excerpt of the "Master Policy" provisions relevant to his claim, and a sworn declaration in which he claims that he never received any notice that his policies would be cancelled, that coverage would not be renewed, or that any premiums were overdue. See Docket No. 83-1 (second amended

Civil No. 24-271 (FAB)                                                    7

complaint); Docket No. 83-2 (Master Policy excerpts); Docket No. 87 (Declaration of Zak Shaik).

## III. Legal Standard

Rule 60(b) permits a court to relieve a party from a final judgment in specific, enumerated circumstances. Waetzig v. Halliburton Energy Servs., Inc., 145 F.4th 1279, 1282 (10th Cir. 2025). These circumstances include where there has been mistake or excusable neglect, newly discovered evidence, fraud, or where the judgment is rendered void or otherwise satisfied, released, or discharged. See Rule 60(b)(1)-(5). The Rule also contains a catchall provision allowing relief from a judgment for "any other reason that justifies relief." Rule 60(b)(6). "To obtain relief under Rule 60(b)(6), a movant must 'show "extraordinary circumstances."'" Id. at 1283 (quoting González v. Crosby, 545 U.S. 524, 535(2005)); see also Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990) ("Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.") (citations omitted).

While Rule 15 provides for the liberal amendment of pleadings, the Supreme Court has recently made clear that a party seeking to re-open its case after judgment has been entered for the purpose of re-pleading "must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment

Civil No. 24-271 (FAB)                                                    8

standard can apply." BLOM Bank SAL v. Honickman, 605 U.S. 204, 210 (2025); see also Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1283 (10th Cir. 2021).

## IV.  Discussion

Plaintiff argues that the judgment in this case should be re-opened to permit him to amend his complaint to allege "extensive factual allegations and legal theories that were not previously before the Court in their present form." (Docket No. 83 at p. 3.) Plaintiff, however, has not identified any extraordinary circumstance that precluded him from presenting those facts and legal theories during any of his prior attempts at amendment. "Neither a [R]ule 59 nor a [R]ule 60 motion for reconsideration is an appropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." SFF-TIR, LLC v. Stephenson, 264 F. Supp. 3d 1148, 1214 (N.D. Okla. 2017). In other words, "Rule 60(b) is not a vehicle to give the losing litigant a second bite at the apple." Kline v. Mortg. Elec. Registration Sys., Inc., 704 F. App'x 451, 466 (6th Cir. 2017).

The Supreme Court's holding in BLOM Bank SAL v. Honickman demonstrates why Rule 60(b) relief is not warranted here. In that case, after declining the opportunity to amend their complaint,

Civil No. 24-271 (FAB)                                                    9

plaintiffs' claim was dismissed with prejudice by the trial court for failure to state a claim.  605 U.S. at 207.  On appeal, the Second Circuit Court of Appeals clarified the elements required for plaintiffs' cause of action but nonetheless found their complaint insufficient.  Id. at 208.  On remand to the trial court, plaintiffs moved pursuant to Rule 60(b) to re-open the judgment to permit them to re-plead in accordance with the Second Circuit Court of Appeal's new standard.  Id. at 208-209.  Their motion was denied.  Id. at 209.  On appeal, the Supreme Court confirmed that the district court's denial of Rule 60(b) relief "follow[ed] from the core tenets of Rule 60(b) doctrine" when it held that a clarification in law did not constitute "extraordinary circumstances," especially when "plaintiffs were unlikely to succeed under that standard."  Id. at 216.

Plaintiff's argument here is even less compelling than the plaintiffs in BLOM Bank SAL, whose motion was ultimately denied. Plaintiff identifies no change in Oklahoma law that might alter the strength of his claim,[4] and his proposed second amended

---

[4] In his papers, plaintiff cites Jai Hosp., LLC v. W. World Ins. Co., 2025 OK 13, 566 P.3d 580 (2025), in support of his argument that absent a timely notice of non-renewal, a commercial insurance policy shall remain in effect by operation of law until forty-five days after such notice of non-renewal is mailed. (Docket No. 86 at p. 4).  While the Court takes no position on whether this case supports plaintiff's claim, it was decided ten months prior to the filing of defendants' renewed motion to dismiss and therefore does not constitute an intervening change in the law.

Civil No. 24-271 (FAB)                                                10

complaint contains no facts that were not available to him at the

outset of this lawsuit.  The fact remains that even if plaintiff

could identify a change in Oklahoma law or newly discovered facts,

these alone do not constitute "extraordinary circumstances" that

would justify Rule 60(b) relief.  Id.

     Plaintiff attempts to distinguish BLOM Bank SAL by pointing

out that, unlike the plaintiffs in that case, he has attempted

multiple times to amend his complaint.  (Docket No. 86 at pp. 2-

3.)  This fact instead only underscores why Rule 60(b) relief is

inappropriate here.  Plaintiff's attempts to cure the deficiencies

in his pleadings have been rejected at multiple points throughout

this proceeding, and plaintiff points to no extraordinary

circumstances that prevented him from presenting his strongest

case to the Court prior to the entry of judgment.  The "strong

interest in protecting the finality of judgments" dictates that

where, as here, no extraordinary circumstances warrant relief, a

judgment shall be final.  Nelson v. City of Albuquerque, 921 F.3d

Civil No. 24-271 (FAB)                                                      11

925, 929 (10th Cir. 2019).[5]  Accordingly, plaintiff's motion for

relief from judgment is **DENIED.**

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, August 7, 2026.


                            s/ Francisco A. Besosa
                            FRANCISCO A. BESOSA
                            SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Courts have "long held that regardless of how characterized, a post-judgment motion made within ten days of the entry of judgment questioning the correctness of the judgment is properly construed as a Rule 59(e) motion." Melton v. Fisher, 930 F.2d 34, 34 (10th Cir. 1991).  Additionally, filing of a timely Rule 59(e) motion "suspends the finality of the judgment." Hogan v. Pilgrim's Pride Corp., 73 F.4th 1150, 1159 n.8 (10th Cir. 2023).  A judgment becomes final, however, when "the district court has disposed of all claims against all parties, leaving nothing for the district court to do beyond ministerial tasks." Murphy v. Schaible, 108 F.4th 1257, 1271 (10th Cir. 2024).  In this case, the judgment became final on June 18, 2026 upon entry of the order denying plaintiff's Rule 59(e) motion.  See Docket No. 82.  Plaintiff's Rule 60(b) motion was filed on July 2, 2026, 14 days after the judgment became final.  Therefore, the Court declines to consider the motion under the Rule 59(e) standard.